UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH,<br><br>    Plaintiff,<br>  vs.<br><br>DOUGLAS BARNETT; PAIGE BOCK; HEATHER BOWERS; JESS BOYSEN; KURTIS BROWN; KEITH DITMANSON; EUGENE REGIER; FRANK GEAGHAN; WILLIAM GOLDEN; JUSTIN KUKU; DAVID LENTSCH; JOHN SHYNE; DAVID STEPHAN; TAMMY SUNDE; and DARIN YOUNG,<br><br>    Defendants. | 4:20-CV-4066<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND, GRANTING MOTION TO DISMISS** |

Pending before the Court is Plaintiff Bruce Edgar Smith's ("Smith") Motion to Remand, Doc. 8; Defendants' Motion to Dismiss, Doc. 4, and Smith's Motion to Show Cause, Doc. 11. For the following reasons, Smith's Motion to Remand is denied; Defendants' Motion to Dismiss is granted; and Smith's Motion to Show Cause is dismissed as moot.

## BACKGROUND

On August 18, 2013, Plaintiff Smith was punched in the face by his cellmate at the South Dakota State Penitentiary. Compl. at 9. Smith was bleeding from his nose and mouth and pushed the red button in his cell for officer assistance. Compl. at 9. Correctional Officers Boysen, Kuku, and Brown ultimately responded to the situation. Compl. at 9-10. At least twice, Brown ordered Smith to "cuff up," and Plaintiff did not follow his orders. Compl. at 10. Brown reported that Smith drew blood into his mouth and spit on Brown, making contact with his face and shirt. Compl. at 20, Ex. 10. Smith was sprayed with OC spray, taken to the ground, and handcuffed. Compl. at 11.

After the August 18, 2013, the Department of Health Correctional Health Care ("Health Services") assessed Smith for injuries and noted that he was experiencing a bloody nose and small cut on the bridge of his nose, that his status was stable, and he was taken to the SHU. Compl. at 12, Ex. 40. On August 29, 2013, Health Services indicated that Smith had "displaced nasal bone

1

fracture with marked clinical impairment of airway" and that he needed an ENT consult to rule out other facial bone fractures involving the hard palate. Compl. at 12-13, Exs. 17, 38. On December 4, 2013, Health Services made a note that Smith needed a consult with an ENT to follow-up on his "deviated nasal septum" injury. Compl. at 33, Ex. 43. On or around January 9, 2014, Smith received an ENT consult. Compl. at 13, Ex. 45. On January 31, 2014, Smith's physician recommended nasal surgery which was denied by Health Services on February 14, 2014, on the basis that Smith's injury was a chronic, nonemergent condition. Compl. at 13, Ex. 69.

On December 9, 2013, Health Services requested an orthopedic consult for Smith for a possible left ankle fracture. Compl. at 33, Ex. 43. On or around January 21, 2014, Smith received an MRI on his ankle and was diagnosed with a "type I chronic sprain" of the peroneus longus brevis, a "type I ligamentous sprain" of the posterior talofibular ligament, and degenerative arthritis. Compl. at 13-14, Exs. 21, 23. On February 4, 2014, Smith's physician submitted a request for left ankle surgery and Smith's medical records indicate that he was placed on a "No Stair Order" pending ankle surgery on March 4, 2014. Compl. at 13-14, Exs. 25, 45. On April 7, 2014, Smith's request for ankle surgery which was denied by the Health Services on the basis that Smith's injury was a chronic, nonemergent condition. Compl. at 14, Ex. 25. On June 4, 2014, Smith complained to Health Services that he was still required to use the stairs to shower despite the "No Stair Order" and that same day, unit staff were informed about the "No Stair Order." Compl. at 14, Exs. 47, 104. Prior to that time, Smith had been using the stairs to access Health Services and the chapel and had not requested an elevator escort. Compl. at 13, Exs. 44, 45.

Smith continued to experience ankle pain and ankle instability. Compl. at 15, Ex. 30. On December 23, 2014, Smith was diagnosed with ankle instability and a left ankle arthroscopy and Brostroms repair were recommended by Smith's physician and were approved by Health Services on December 5, 2014. Compl. at 15, Exs. 27, 28, 48.

In Smith's medical records of July 1, 2015, his physician indicated that he "will write [Smith] an order for workers boot and that [Smith] will continue wearing the cam boot for longer distances." When seen by Health Services on September 15, 2015, Smith complained that he "ha[d] not received his work boots as recommended by [his physician]." In response to Smith's complaint, Health Services contacted "UC [Angela] Steineke who verified that [Smith] received a

new pair of shoes and work boots 7/13/15." Smith alleges that he did not receive his boots until December 29, 2015. Compl. at 18.

The South Dakota Attorney General's Office interviewed the officers involved in the August 18, 2013, incident and Smith. The AG's Office subsequently issued an investigative report and on December 17, 2013, Smith was indicted on a charge of "Assault by Convicted or Incarcerated Person under Department of Corrections Jurisdiction-Intentionally Causing Contact with Bodily Fluids or Human Waste" in violation of SDCL 22-28-26. Doc. 3-1. A trial commenced on March 23, 2015, in Sioux Falls, South Dakota, and the jury returned a verdict of not guilty. Doc. 3-1.

On January 25, 2016, Smith filed a federal court section 1983 action alleging claims arising from the August 2013 incident against many of the same defendants named in the present lawsuit. *See Smith v. Brown et al.*, Civ. No. 16-4014, District of South Dakota. Doc. 5, Ex. B. Defendants moved for summary judgment on the substantive merits of Smith's claims and this Court entered an Order Granting Defendants' Motion for Summary Judgment on September 27, 2018. Doc. 5, Ex. E. The Court entered a judgment in favor of the defendants and against Smith. Doc. 5, Ex. F. Smith filed an appeal to the Eighth Circuit Court of Appeals, which was dismissed for failure to prosecute. Doc. 5, Ex. G. Smith moved for relief under Rule 60 and for recusal, and the Court denied that motion on May 28, 2019. Doc. 5, Ex. H.

On November 27, 2019, Smith filed a complaint in the Second Judicial Circuit, Minnehaha County, South Dakota. Doc. 1-1. Therein, Smith alleges a criminal conspiracy under 18 U.S.C. §§ 241, 242 based on allegations that Defendants prosecuted him for a charge of "Assault by Inmate, Intentionally Causing Contact with Bodily Fluids or Human Waste" which they knew had been fabricated. Compl. at 9, 40. Smith alleges that all of his injuries resulted from the August 18, 2013, altercation with correctional officers and that the Defendants conspired to cover up his injuries. Compl. at 16. Smith also alleges a claim under 42 U.S.C. § 1983 arising from the altercation with correctional officers on August 18, 2013, while Smith was a prisoner at the South Dakota State Penitentiary and subsequent denial of medical treatment and care for his injuries. Doc. 1-1. Named defendants in this action are: Douglas Barnett; Kurtis Brown, Sergeant for the South Dakota State Penitentiary; Lieutenant John Shyne, Special Security Officer for the South Dakota State Penitentiary; David Stephan, DCI Agent; Paige W. Bock, Assistant Attorney General

3

for the State of South Dakota; Tammy Sunde, Assistant Attorney General for the State of South Dakota; Frank S. Geaghan, Assistant Attorney General for the State of South Dakota; SCO Jess Boyson, South Dakota State Penitentiary; SCOT Justin Kyku, South Dakota State Penitentiary; Darin Young, South Dakota State Warden; Heather Bowers, Head Nurse for the South Dakota State Penitentiary Health Services; Keith Ditmanson, Unit Manager for the South Dakota State Penitentiary; David Lentsch, Unit Manager for the South Dakota State Penitentiary; Dr. Eugene Regier, Head Doctor for the Hill prison; and Williams Golden.  In state court, Smith filed for an Application for Waiver of Filing Fees which was granted by order of the court.  Doc. 1-1, Ex. A.

On or about March 18, 2020, Defendant Jess Boysen was served with a number of papers, including a Summons dated February 10, 2020, and a Complaint dated November 14, 2019.  Doc. 1, ¶ 7.  On April 16, 2020, Defendants removed the case to federal district court.  Doc. 1.  In the Notice of Removal filed with the Court on April 16, 2020, Defendants assert that no other Defendant has been served with a Summons, Complaint, or any other related document.  Doc. 1, ¶ 7.

On April 23, 2020, all of the Defendants filed a Motion to Dismiss Smith's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.  Doc. 4.  Defendants argue that Smith's claims are barred by the statute of limitations and on *res judicata* grounds.  Docs. 4, 5.  On May 7, 2020, Smith filed a Motion to Remand the case to state court.  Doc. 8.  On June 18, 2020, per Smith's request, the Clerk of Court mailed Smith a copy of the docket sheet in this case.  Doc. 10.  On July 6, 2018, Smith filed a Motion for "Order to Show Cause Objection to the Removal from State Court, before [Smith] files to the Eighth Circuit Court of Appeals, [his] Misconduct Complaint." Doc. 11.  On September 30, 2020, Smith informed the Court that he had filed a judicial misconduct complaint on July 31, 2020, against the Honorable Lawrence L. Piersol regarding this case and the Honorable Karen E. Schrier regarding other cases allegedly pending before her.  Doc. 12.

### DISCUSSION

**I.     Motion to Remand**

Pending before the Court is a motion filed by Smith pursuant to 28 U.S.C. § 1447(c) to remand the case to state court.  Doc. 8.  Remand is required under 28 U.S.C. § 1447(c) "when the district court lacks subject matter jurisdiction or the removal was procedurally defective." *St. John*

*v. Int'l Ass'n of Machinists & Aerospace Workers*, 139 F.3d 1214, 1216 (8th Cir. 1998). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. 1447(c).

Smith's motion to remand is timely. Smith's motion to remand was filed on May 7, 2020, Doc. 8—within 30 days of the filing of Defendants' notice of removal on April 16, 2020, Doc. 1. Smith does not state the specific defect upon which he seeks to remand the case; only that the case was "wrongfully, and illegally removed out of state court." (Doc. 8 at 1.) The Court will therefore examine whether the Court lacks subject matter jurisdiction and whether the removal was procedurally defective, thus rendering remand the proper course of action.

### A. Subject Matter Jurisdiction

Defendants cited 28 U.S.C. § 1441 as one of its bases for removal. Under section 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441 (emphasis added). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, [and] all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (internal citations omitted). Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Absent diversity of citizenship, federal-question jurisdiction is required. *Id.*

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Id.* The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Id.*

Here, Smith asserts on the face of his complaint that he is seeking damages for alleged civil rights violations arising under 42 U.S.C. § 1983.[1]  "[A] claim under 1983 arises under federal law and will support federal-question jurisdiction pursuant to [28 U.S.C.] § 1331." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (alteration in original).  Accordingly, the Court concludes that it has original jurisdiction over Smith's section 1983 claim and his Motion to Remand is denied on the basis of any allegation that the Court lacks subject matter jurisdiction.

### B.  Procedural Defects

Pursuant to Section 1446(b)(1) of the Federal Rules of Civil Procedure:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(b)(1).  When a civil action is removed solely under section 1441(a), as is the case here, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(2)(A).  "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."  28 U.S.C. § 1446(2)(B).

In the present case, Defendant Boysen was served with a Summons and Complaint on March 18, 2020, but the other Defendants have not been served.  Doc. 1, ¶ 7.  On April 16, 2020, Joel E. Engel, III, appearing on behalf of all Defendants filed a Notice of Removal within the 30-day deadline for removal, along with copies of the pleadings and papers that were served on Defendant Boysen.  Doc. 1.

In his Motion to Remand, Smith has not asserted that removal was procedurally defective, nor does the Court find that it is so.  The Court finds that Defendants' Notice of Removal is conforms with the requirements of section 1446 and is timely.  Accordingly, the Court denies Smith's Motion to Remand to the extent it may be based on an argument that removal was procedurally defective.

---

[1] The Court notes that Plaintiff also affirms in his Motion to Remand that his claims arise under 42 U.S.C. § 1983.

### II.  Motion to Dismiss

#### A.  Background

On April 23, 2020, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Doc. 4.  Defendants contend that Smith's claims are barred on *res judicata* grounds.  Defendants argue that this lawsuit is a repeat of a prior lawsuit filed with this Court by Smith against many of the same defendants alleging a deprivation of civil rights under 42 U.S.C. § 1983 that arose from the August 13, 2013, incident at the prison.  The prior lawsuit, *Smith v. Brown,* et al., Civ. No. 16-4014 (D.S.D.), which involved claims of excessive force and deprivation of medical care, was dismissed by this Court on summary judgment on September 27, 2018.  Doc. 6, Ex. E.  Defendants argue that "[b]ecause Smith attempts to bring claims that were or could have been asserted in the previous lawsuit, this lawsuit is barred by res judicata."  Doc. 6 at 1.

Defendants also argue that to the extent any claims are not barred by *res judicata*, they are barred by the three-year statute of limitations for section 1983 claims.  Doc. 6 at 1.

Plaintiff has not filed an opposition to Defendants' Motion to Dismiss, but has stated in his Motion to Remand that he opposes Defendants' Motion to Dismiss.  Doc. 8.

#### B.  Legal Standard

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss Smith's claims on the basis that they are barred by the statute of limitations and on *res judicata* grounds.  Docs. 4, 5.  "[W]hen it appears from the face of the complaint itself that the limitations period has run, a limitation defense may properly be asserted through a Rule 12(b)(6) motion to dismiss."  *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (internal quotations and citation omitted).  It is also well-established in the Eighth Circuit that the affirmative defense of *res judicata* may be raised in a motion to dismiss under 12(b)(6) if the defense is apparent on the fact of the complaint.  *See Long v. S.D. Dep't of Transp.*, Civ. No. 18-4081, 2018 WL 6807390, at *2 (D.S.D. Dec. 27, 2018) (citing *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763 (8th Cir. 2012) (stating that *res judicata* is an affirmative defense and affirmative defenses apparent on the face of the complaint can provide the basis for dismissal under Rule 12(b)(6)).

A complaint states a claim upon which relief may be granted if it contains sufficient factual matter, accepted at true to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court assessing a motion to dismiss must accept all factual allegations in the complaint as true and draw all inferences in favor of the nonmovant. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statement, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief . . . is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, a court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

When considering a motion to dismiss under Rule 12(b)(6), courts primarily look to the complaint and "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1357 (3d ed. 2004)).

### C. Analysis

1. **Section 1983 Claims**

Smith alleges a claim under 42 U.S.C. § 1983 arising from injuries sustained during an altercation with correctional officers on August 18, 2013, while Smith was a prisoner at the South Dakota State Penitentiary and a subsequent denial of medical treatment and care for such injuries. Doc. 1-1. Defendants have moved to dismiss Smith's complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Smith's claims are barred by *res judicata* and the statute of limitations. Doc. 4.

### a. Statute of Limitations

Because section 1983 does not contain a specific statute of limitations, "[t]he Supreme Court has instructed courts to apply the most analogous state statute of limitations to claims made under these provisions. *Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir. 1996) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985)); *see also Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995) ("The limitations period for a section 1983 action is governed by the statute of limitations for personal injury actions in the state in which the claim accrues."). "In South Dakota, a specific statute provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or the action will be barred." *Bell*, 99 F.3d at 266 (citing SDCL 15-2-15.2) ("Any action brought under the federal civil rights statutes may be commenced only within three years after the alleged constitutional deprivation has occurred.")).

Although the Court must look to state law to determine the applicable limitations period, federal law governs when a cause of action under a federal statute accrues. *See, e.g.*, *Wright v. Doe*, 400 F. App'x 123, 124 (8th Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (accrual date of 1983 cause of action is a question of federal law)). Under federal law, the statute of limitations does not begin to run until the plaintiff knows or has reason to know of the injury which is the basis of the action. *United States v. Kubrick*, 44 U.S. 111, 122-24 (1979) (stating that under federal law, a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action); *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (stating that it is "the standard rule that [accrual occurs] when the plaintiff has 'a complete and present cause of action.'").

Turning to Smith's section 1983 claims, it is apparent from the face of the complaint that Smith's § 1983 claims are time-barred. Any excessive force claim by Smith accrued on August

18, 2013, and the denial of medical care allegedly resulting from these injuries accrued between then and 2015 when Health Services was allegedly delayed in providing him work boots. Smith was aware of these alleged constitutional injuries prior to November 10, 2014,[2] when he filed a state court section 1983 action raising these claims and when he litigated these claims on the merits in his January 25, 2016, lawsuit before this Court. Accordingly, Smith's section 1983 claims in the instant lawsuit are barred by the statute of limitations.

### i. *Unserved Defendants*

As noted above, Defendant Boysen is the only Defendant in this action who has been served. All Defendants, including unserved Defendants, have moved to dismiss, with prejudice, Smith's complaint for under Rule 12(b)(6) for failure to state a claim on the basis that such claims are barred by *res judicata* and the statute of limitations.

Typically, in the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant. *Murphy Bros.*, *Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citation omitted). However, "[c]ourts frequently extend the rationale utilized to dismiss served defendants to unserved defendants where [as here] the reasons for dismissal are applicable to the unserved parties." *Schofield v. Wellstone Health Partners*, Civ. No. 19-0415, 2020 WL 4614819, at *4 (W.D. Tex. Mar. 2, 2020) (citing *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001)); *see also Farmer v. Perrill*, 275 F.3d 958, 960 n.2 (10th Cir. 2001) (stating that it is permissible to extend a judgment of dismissal to unserved defendants when the claims against those defendants are barred); *Sims v. Ohio Casualty Ins. Co.*, 151 F. App'x. 433, 437, 2005 WL 2508567 at **3 (6th Cir. Oct. 11, 2005) (declining to remand the matter for further proceedings against unserved defendants after affirming dismissal of plaintiffs' RICO claims as time-barred because the unserved defendants would be

---

[2] On November 10, 2014, Smith filed a state court section 1983 action arising from the August 18, 2013, incident against several of the same defendants from this action. *See Smith v. Kaemingk et al.*, Civ. No. 14-2880, Second Judicial Circuit, Minnehaha County, South Dakota; Doc. 5, Ex. A. Then, on January 25, 2016, Smith filed a federal court section 1983 action against many of the same defendants, also arising from the August 18, 2013, incident. Doc. 5, Ex. B. As explained in this Court's Order dated March 22, 2018, the federal action was initially stayed "because [Smith] had filed the same case in state court." Doc. 5, Ex. C. On January 5, 2017, Smith filed a motion for dismissal of the state court action, and Judge Pekas signed an order dismissing the state court action without prejudice. Doc. 5, Ex. D. This Court ordered Smith to clarify what version of his complaint he intended to proceed on in the federal action and Smith identified an amended complaint that had been previously filed as Docket No. 30-1. Doc. 5, Ex. C.

"entitled to raise the arguments advanced by the other defendants in this case, namely that the plaintiffs' RICO claims were barred by the statute of limitations"); *Murray v. Oklahoma*, Civ. No. 07-1404, 2008 WL 740338, at *9 n.7 (W.D. Okla. Mar. 17, 2008) (stating that although the docket sheet for this case indicates that Plaintiff has not obtained service of process on Defendants . . ., "[i]t would serve no purpose for a plaintiff to complete service upon the defendant, solely to allow dismissal with prejudice for failure to state a claim."); *cf. Mitchell v. Fairman*, Civ. No. 95-3648, 1996 WL 420294, at *6 n.2 (N.D. Ill. Jul. 24, 1996) ("It is reasonable to extend the practice [of dismissing defendants who have not joined in a motion to dismiss when they are similarly situated to the moving defendants or where the claims against all the defendants are integrally related] to the unserved defendants . . . . Because dismissal of the unserved defendants is on grounds asserted in the motion of the served defendants and the plaintiff has had an opportunity to respond, the potential unfairness inherent in *sua sponte* dismissal of a complaint prior to service is not present."). *But see Arista Records, LLC v. Does #1-16,* Civ. No. 08-0765, 2009 WL 10689493, at *1 (N.D.N.Y. Mar. 5, 2009), *aff'd sub nom*, *Arista Records, LLC v. Doe* 3, 604 F.3d 110 (2d Cir. 2010) (holding that unserved defendants may not properly move for dismissal for failure to state a claim because they are not "parties" under Rule 12(b)(6)); *Wilson v. N.Y. City Police Dep't*, Civ. No 09-2632, 2011 WL 1215031, at *7 n.4 (S.D.N.Y. Feb. 4, 2011), *report and recommendation adopted*, Civ. No. 09-2632, 2011 WL 1215735 (S.D.N.Y. Mar. 25, 2011) ("To the extent the unserved defendants seek a ruling under Rule 12(b)(6), they appear to be asking for an advisory opinion.  If a federal court has no jurisdiction over a defendant, it cannot address whether the complaint theoretically state a claim over that defendant.").  This Court agrees no purpose would be served for Smith to complete service upon the other named Defendants solely to allow for dismissal with prejudice for failure to state a claim.  It would be incongruous and unfair to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants. *See Schofield*, 2020 WL 4614819, at *4 (W.D. Tex. Mar. 2, 2020) (citation omitted).

As a result, the Court finds that as with Smith's section 1983 claims against Defendant Boysen, Smith's section 1983 claims against the remaining unserved Defendants are barred by the 3-year statute of limitations governing section 1983 claims.[3]  Smith's section 1983 claims are

---

[3] The statute of limitations on the unserved Defendants is still running.  *See Marshall v. Warwick*, 155 F.3d 1027 (8th Cir. 1998) ("In South Dakota, service of the summons, or the summons and the complaint is required to commence a lawsuit and toll the running of the applicable statute of limitations.").

11

accordingly dismissed with prejudice. *Petitphait v. Christensen*, Civ. No. 19-0115, 2020 WL 229994, at *1 (D. Neb. Jan. 15, 2020) (dismissing section 1983 claims with prejudice because they accrued beyond the applicable statute of limitations); *Varner v. Peterson Farms*, 371 F.3d 1011, 1016, 1020 (8th Cir. 2004) (affirming dismissal with prejudice because complaint showed statute of limitations had run); *Johnson v. Mott*, 376 F. App'x 641, 641 (8th Cir. 2010) (*per curiam*) (affirming dismissal of § 1983 claim with prejudice because it was barred by the statute of limitations).

### b. Res Judicata

Defendants have also moved to dismiss Smith's claim under the doctrine of *res judicata*. The principle behind the doctrine of *res judicata* is that '[f]inal judgment on the merits precludes relitigation of a claim on any grounds raised before or any grounds which could have been raised in the prior action.'" *Poe v. John Deer Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrine of *res judicata* protects against "the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decision." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

Smith's prior lawsuit before this Court was a section 1983 action. Accordingly, "federal law controls the res judicata effects" of the Court's 2018 judgment against Smith. *See Taylor*, 553 U.S. at 891 ("The preclusive effect of a federal-court judgment is determined by federal common law."). Under federal common law, the doctrine of . . . claim preclusion applies when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)). "Whether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Id.* at 782 (citation omitted). Thus, claims which a plaintiff did not assert, but could have asserted, in the first action may be barred by the doctrine of claim preclusion. *See id.* ("Under the doctrine of *res judicata*, a

final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (internal quotations and citation omitted).

In determining whether claim preclusion applies in this case, the Court finds instructive the Eighth Circuit's decision in *Elbert v. Carter*, 903 F.3d 779 (8th Cir. 2018). In *Elbert*, in this first lawsuit, the plaintiff had unsuccessfully brought First and Fourth Amendment claims against a Detective Gibbs based on a police raid of a country club on December 10, 2011. *Id.* at 783-84. In a subsequent lawsuit, the plaintiff sought to bring two new constitutional claims against Gibbs, and the other officers whom the plaintiff asserted were co-perpetrators with Gibbs, under the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment, and a new state law claim alleging conversion—all based on the same police raid on December 10, 2011. The Court held that the plaintiff's claims were precluded under doctrine of *res judicata*. *Id.* The court reasoned that:

> There is no good reason why Elbert should have a second chance to add these claims and defendants. All of his claims arise out of the same police raid, and all of his new claims allege that Detective Gibbs, the defendant in the first action, and the sixteen police officers added in the second, acted together to violate his rights. Elbert could have brought the new claims against Gibbs in the first action and failed to do so. He could have joined the other police officers as defendants in the first action but failed to do so in a timely manner . . . . We uphold the district court's decision, because "[a]ny other rule would enable plaintiff to avoid the doctrine of res judicata by the simple expedient of not naming all possible defendants in [his] first action."

*Id.* at 783-84.

This Court finds that this case is quite similar to *Elbert* and satisfies all of the elements of claim preclusion. In Smith's initial lawsuit with the Court, he raised section 1983 claims arising from the August 18, 2013 incident. In particular, Smith alleged an excessive force claim against the officers involved the altercation and an Eighth Amendment claim in connection with medical care afforded to Smith for his nasal and ankle injuries that allegedly followed the altercation. *Smith v. Brown et al.*, Civ. No. 16-4014; Doc. 5, E. I. In addition, Smith alleged a due process claim against Defendant Stephan. *Id.* This claim was based on the allegation the Defendant Stephan, along with Defendant Shyne (who was not a named defendant in the original action) intentionally or recklessly failed to investigate the alleged sliming incident. *Id.* Defendants Barnett, Bowers,

13

Boysen, Brown, Dittmenson, Regier, Golden, Kuku, Lentsch, Stephan, and Young were all named as defendants in the first federal lawsuit.  *See Smith v. Brown et al.,* Civ. No. 16-4014; Doc. 5, Ex. I.  The claims against Defendants Barnett, Regier, Golden, Lentsch, and Young were dismissed in the court's screening of Smith's complaint pursuant to 28 U.S.C. § 1915 because the Court found that Smith failed to allege in his complaint that these defendants had violated his constitutional rights.  Doc. 5, Ex. J.  The claims against Defendants Bowers, Boysen, Brown, Dittmenson, Kuku, and Stephen were dismissed in the court's order granting the defendants' motion for summary judgment.  Doc. 5, Ex. E.

Although it is somewhat difficult to determine the exact nature of Smith's claims, all of his allegations arise from injuries Smith allegedly suffered from the August 18, 2013, altercation and the medical care that was afforded Smith following the altercation.  Like the plaintiff in *Elbert*, it appears that Smith alleges that the defendants named in the first action, along with Defendants Bock, Geaghan, Shyne, and Sunde (who were not named as a defendants in the first action),and Defendants Barnett, Regier, Golden, Lentsch, and Young (who were dismissed on screening), acted together to violate his rights.  *See id.*  The allegations against Defendants Bock, Geaghan, Shyne, and Sunde regard their participation in creating the DCI report, investigating, and indicating Smith on the charge of "Assault by Inmate, Intentionally Causing Contact with Bodily Fluids or Human Waste."  The allegations against Defendants Regier, Lentsch, and Young all regard their alleged failure to provide adequate medical care to Smith for his alleged injuries following the August 2013 incident.  The Court concludes that Smith could have and alleged his causes of action against all of these Defendants in the first action.  Smith did not do so and his section 1983 claims against these Defendants, along with the claims against the Defendants named in the first action, are barred under the doctrine of *res judicata*.

### 2.  Criminal Conspiracy Claims

In this lawsuit, Plaintiff also alleges a criminal conspiracy under 18 U.S.C. §§ 241, 242.  It is appears that Smith's criminal conspiracy claims are based on allegations that Defendants made false reports against him and/or failed to adequately investigate the charge of "Assault by Inmate, Intentionally Causing Contact with Bodily Fluids or Human Waste" for which he was indicted and that Defendants conspired to cover up his injuries that allegedly resulted from the August 18, 2013, incident.  The Court concludes that it lacks jurisdiction over this claim because as a private citizen,

Smith does not have standing to enforce a federal criminal statute or to have such statute enforced. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000) (stating that a private individual does not have standing to bring an action for criminal contempt); *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011) (citing *Faibish v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002)) (stating that if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction). Because Smith will not likely be able to cure the standing problem, dismissal for lack of standing will be with prejudice. *See Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004); *Baylor v. Eto*, Civ. No.19-0442, 2019 WL 3470798, at *11 (D. Minn. May 30, 2019), *report and recommendation adopted*, Civ. No. 19-0442, 2019 WL 3456841 (D. Minn. Jul. 31, 2019) (citing *Jackson v. Walgreens Co*, Civ. No. 16-0398, 2016 WL 4212258, at *2 (D. Minn. Aug. 10, 2016)) (recommending dismissal with prejudice of plaintiff's claims alleging violations of criminal statutes because "it is not likely that [the plaintiff] could allege additional facts that would save any of his claims.").

Accordingly, it is hereby ORDERED that:

1) Smith's Motion to Remand, Doc. 8, is DENIED;
2) Defendants' Motion to Dismiss, Doc. 4, is GRANTED:
    a. Smith's section 1983 claims are DISMISSED WITH PREJUDICE because they are barred by the statute of limitations and res judicata; and
    b. Smith's criminal conspiracy claims arising under 18 U.S.C. §§ 241, 242 are DISMISSED WITH PREJUDICE for lack of standing; and
3) Smith's Motion for Order to Show Cause, Doc. 11, is DISMISSED AS MOOT.

Dated this 22nd day of October, 2020.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

/s/ Matthew Thelen

15